# EXHIBIT A

Complaint, Affidavits of Service for all Defendants,
and Defendants' Answer to Complaint

Electronically Filed
12/18/2024 5:16 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
Calder B. Gabroy, Esq.
Nevada Bar No. 14366
**CALDER B. GABROY, LTD.**
1810 East Sahara Avenue, Suite 582
Las Vegas, Nevada 89104-3707
Tel. No.: 702.728.5708
Fax. No.: 702.207.2199
calder@caldergabroy.com
www.caldergabroy.com
*Representing Plaintiff, Richard Penfil*

CASE NO: A-24-908458-C

Department 10

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

Richard Penfil, an individual,

                                    Plaintiff(s),

            -vs-

Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, a Corporation, Pro-Touch Nurses, Inc., a Corporation, Taylor Kennedy, an individual, John Cosme, an individual, Derek Clement, an individual, Employee(s)/Agents DOES I-X; Corporations, Companies, Entities, Associations, and/or Partnerships ROES XI-XX,

                                    Defendant(s)

CASE NO.

DEPT. NO.

**Exemption from Arbitration Claimed**
**Equitable Relief**
**Presentation of Significant Issues of Public Policy**

**COMPLAINT WITH JURY DEMAND**

COMES NOW, Plaintiff, Richard Penfil, an individual ("Plaintiff," "Dr. Richard Penfil," or "Penfil"), represented by and through Calder B. Gabroy, Esq. of the law firm **CALDER B. GABROY, LTD.**, and hereby alleges and complains against Defendant, PROTOUCH STAFFING HEALTHCARE, a Corporation, *aka and dba* Protouch Staffing, Pro-Touch Nurses, Inc., a Corporation, Taylor Kennedy, an individual, John Cosme, an individual, and Derek Clement, an individual, Employees/Agents Does I-X; Roes Corporations, Companies, Entities, Associations, and/or Partnerships XI-XX, (collectively as "Defendant," "Defendants,") and states as follows:

**NATURE OF PLAINTIFF'S CLAIMS AND PRELIMINARY STATEMENT**

This lawsuit arises under common law, Nevada law and/or Federal law for Defendant's failure and refusal to pay lawful wages due and owing to Plaintiff. Plaintiff customarily worked

Page **1** of **20**

for the Defendants but was not paid all lawful wages for time worked, due and owing to Plaintiff, including but not limited to, failure to pay Plaintiff's wages, applicable minimum wages, overtime wages, and for each hour worked. Further, the Defendant failed and refuses to pay the Plaintiff at termination of Plaintiff's employment with Defendants for earned wages and/or reimbursement due and owing at the time of separation. Defendants' unlawful compensation practices have the effect of denying Plaintiff's earned lawful wages, including minimum wage and overtime during the Plaintiff's period of employment for Defendants and within the relevant statutory time periods, and also arises under Nevada and common law for Breach of Contract, Unjust Enrichment, and for violation of Nevada Public Policy, including Negligent Hiring, Training, Supervision, and Retention.

**THE PARTIES**

1.      Plaintiff, Richard Penfil, is a natural person who is a resident of the County of Clark, within the State of Nevada,

2.      At all relevant times herein, and from December 8, 2023, to January 17, 2024, Plaintiff is employed by Defendant as a non-exempt employee.

3.      Plaintiff is a non-exempt employee for Defendant working in the State of Nevada within the last two years of filing of this lawsuit and was paid less than the applicable Nevada state minimum wage but who is required, suffered, or permitted to work without proper overtime premium compensation for overtime hours worked in excess of eight hours within a twenty-four hour period, or in excess of forty hours within a workweek, and/or at a rate less than one and one half times an amount of $12.00[1], or applicable minimum wage, for all regular hours worked.

4.      The Defendant is an employer[2] engaged in commerce under the provisions of the Fair

---

[1] *See,* Nev. Const. Art. 15, § 16(1) ("Except as otherwise provided in this section, beginning July 1, 2024, each employer shall pay a wage to each employee of not less than twelve dollars ($12) per hour worked.").
[2] *See,* 29 U.S.C.S. § 203(d) ("Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.").

Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et. seq.* and is an employer under Nevada Revised Statutes, ("N.R.S.") § 608.011.[3]

5.      The Plaintiff is employed by the Defendant during all relevant time periods and separated from employment with the Defendant by tortious termination, without payment, on or about January 17, 2024.

6.      At the time of such separation, Plaintiff is still owed unpaid lawful wages and reimbursements due and owed by the Defendant.

7.      Defendants are conducting business in the State of Nevada, within the County of Clark, operating under the name or brand "Protouch Staffing Healthcare" and/or operates under other various business identities within Nevada. For example, Defendants' business identities include, but are not limited to, "Protouch Staffing."

8.      Defendant, Pro-Touch Nurses, Inc. is a corporate entity existing and established pursuant to the laws of the State of Texas, with its principal place of business in the city of Frisco, County of Collin, and within the State of Texas, and conducting business within the County of Clark, State of Nevada.

9.      Defendant Protouch Staffing Healthcare doing business as "Protouch Staffing" is not currently listed as a fictitious firm name under the Clark County's Clerk's Office. Yet, the Defendant continues to do business as "Protouch Staffing" or "Pro-Touch Nurses Inc." in Nevada and in possible violation of N.R.S. § 14.020(1)[4] and/or local Clark County ordinances, including

---

[3] *See,* N.R.S. § 608.011 ("'Employer" includes every person having control or custody of any employment, place of employment or any employee.'"); *See also,* 29 U.S.C.S. § 203 (g)("'Employ" includes to suffer or permit to work.'").

[4] *See,* N.R.S. § 14.020(1) ("Every corporation, miscellaneous organization described in chapter 81 of NRS, limited-liability company, limited-liability partnership, limited partnership, limited-liability limited partnership, business trust and municipal corporation created and existing under the laws of this State, any other state, territory or foreign government, or the Government of the United States, doing business in this State shall appoint and keep in this State a registered agent who resides or is located in this State, upon whom all legal process and any demand or notice authorized by law to be served upon it may be served in the manner provided in subsection.").

ordinances 7.24.010,[5] *et. seq.*

10.    On the basis of information and belief, an individual, John Cosme, was regularly involved with all of the "Protouch Staffing Healthcare" business entities, and responsible for implementing the policies and procedures at the "Protouch Staffing Healthcare" business entities, including but not limited to the policies concerning payment of wages and time roll of employees of the "Protouch Staffing" and Pro-Touch Nurses, Inc. business entities, and routinely held meetings with employees at Defendant locations.

11.    Upon information and belief, Protouch Staffing Healthcare and Pro-Touch Nurses, Inc., employees report disputes and employee-employer problems to Taylor Kennedy, John Cosme, and Derek Clement, or a commonly shared agent, director, manager, or employee acting on behalf of the Defendants.

12.    Based on information and belief, the Defendant's corporate headquarters is located at or near Frisco, Texas.

13.    Plaintiff Penfil was hired and employed by Defendant as an employee in the County of Clark, State of Nevada.

14.    At all times relevant, Defendants conducted and continue to conduct business in the County of Clark, State of Nevada.

15.    During the three years preceding the filing of this case and at all times relevant, Plaintiff was employed by Defendant in the County of Clark, State of Nevada.

16.    Protouch Staffing Healthcare and Pro-Touch Nurses, Inc. are employers, organizations, or associations conducting business in Clark County and providing and employing healthcare resources, services, and personnel throughout the County of Clark, State of Nevada.

---

[5] *See generally,* 7.24.010(a) – ("Certificate required. (a) Nevada Revised Statutes ("NRS") Chapter 602 requires that every person doing or intending to do business in this state under an assumed or fictitious name must file a certificate with the county clerk of each county in which the business is being conducted. The information required in the certificate is described in NRS 602.020. The certificate need not be notarized if it is signed under the penalty of perjury by the person(s) required to sign the certificate pursuant to NRS 602.020(2).").

17.	Upon information and belief, John Cosme is an individual and natural person residing in Frisco, Texas, and the owner, manager, director, and/or principal of Defendant Protouch Staffing Healthcare and Pro-Touch Nurses, Inc.

18.	Based on information and belief, at all relevant times, individual Defendants were the partners, joint ventures, alter-egos, successor companies, agents, co-conspirators, or employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said business, partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-Defendants.

19.	Plaintiff does not know the true names or capacities of all Defendants sued herein as DOES I-X individual, Employee(s)/Agents and ROES XI-XX Corporations, Companies, Entities, Associations, and/or Partnerships, and will seek leave to amend this Complaint to correctly designate those parties as soon as their correct names, true identities, and/or capacities are ascertained.

20.	Plaintiff is informed and believes, and thereupon alleges, that each of said Defendants were in some manner legally responsible for the unlawful actions set forth herein.

21.	All allegations repeated herein against the Defendants are made with equal force against DOE Employees, Agents, and/or Individuals.

22.	All allegations repeated herein against the Defendants are made with equal force against ROE Corporations, Companies, Entities, Associations, and/or Partnerships.

**JURISDICTION AND VENUE**

23.	This Court has jurisdiction over Nevada State Law Claims.

24.	This Court has jurisdiction over claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states in part: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves."

25.	Jurisdiction and Venue are also proper for this Court because Plaintiff's claims are based

on Nevada state and common law.

26.     Plaintiff attaches Plaintiff's *Consent to Joinder* herewith, as **Exhibit I.**

27.     This Court has jurisdiction, and venue is proper for Plaintiff's claims made herein pursuant to Nevada's Constitution, Article 15, Section 16, which provides an express private right of action[6] to commence suit to seek all available relief at equity and by law in the District Courts of Nevada for violations of that constitutional provision.

28.     This Court has Jurisdiction over all claims made herein pursuant to Title 53, N.R.S. Chapter § 608.

29.     Venue is proper because the Plaintiff is a resident of the County of Clark, State of Nevada, and within this Court's jurisdiction.

30.     Venue is proper pursuant to N.R.S. § 13.010,[7] *et. seq.* because Clark County, Nevada is the location where Plaintiff's contractual obligations with Defendants were agreed to be and were actually performed, the acts as complained of taking place in Clark County, within the State of Nevada.

31.     Alternatively, venue is proper pursuant to N.R.S. § 13.040[8] because none of the

---

[6] *See,* Nev. Const. Art. 15, § 16 (7.) ("An employee claiming violation of this section is entitled to bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs.").

[7] *See generally,* N.R.S. § 13.010(1) ("When a person has contracted to perform an obligation at a particular place, and resides in another county, the action must be commenced, and, subject to the power of the court to change the place of trial as provided in this chapter, must be tried in the county in which such obligation is to be performed or in which the person resides; and the county in which the obligation is incurred shall be deemed to be the county in which it is to be performed, unless there is a special contract to the contrary.").

[8] *See generally,* N.R.S. § 13.040 ("In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action; or, if none of the defendants reside in the State, or if residing in the State the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in the complaint; and if any defendant, or defendants, may be about to depart from the State, such action may be tried in any county where either of the parties may reside or service be

Defendants reside in the State of Nevada, and Plaintiff hereby designates in this Complaint Clark County as the county for this case to be tried.

32.     Venue is also proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found conducting business in this judicial district and many or all of the acts complained of herein occurred in Clark County, Nevada.

33.     Plaintiff has notified the Defendant of Plaintiff's claims and demands compensation due and owing by Defendant. On or about October 31, 2024. Plaintiff, Dr. Richard Penfil (i) mailed via United States Postal Mail, and (ii) submitted via Defendant's website submission page a Notice of Representation, Preservation Hold, and Five-Day Demand, pursuant to N.R.S. § 608.140.[9]

34.     The Defendant did not honor such demand within five days and the demand was withdrawn.

35.     This Court has jurisdiction over the Plaintiff's civil action for damages under state law prohibiting unlawful employment actions and secure the protection of and redress deprivation of rights under these laws, and for all alleged unlawful employment actions which occurred within the jurisdiction of this judicial district.

36.     Plaintiff demands a jury trial on all issues triable by jury herein.

**THE FACTS**

37.     Defendant, Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing and Pro-Touch Nurses, Inc. operate healthcare recruitment and employment of healthcare personnel and resources.

---

had, subject, however, to the power of the court to change the place of trial as provided in this chapter.").

[9] *See generally,* N.R.S. § 608.140 ("Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit.").

38.     Defendant conducts business within the County of Clark, State of Nevada, and within the Las Vegas regional market.

39.     The Plaintiff is employed by Defendant Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing and/or by Pro-Touch Nurses, Inc. as a radiologist or healthcare provider for Nevada location(s), as determined by Defendants.

40.     Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing has exercised significant control over the nature and structure of the employment relationship for Plaintiff and has also exercised significant economic control over the relationship of Plaintiff. Further Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, Pro-Touch Nurses, Inc., and individually named Defendants approved and ratified all the unlawful acts alleged herein.

41.     At all times relevant herein, Defendant employed Plaintiff as a non-exempt employee of Defendant, Protouch Staffing Healthcare.

42.     On or about December 8, 2023, Plaintiff was offered and accepted a position as an assigned provider of health care with Defendant.

43.     The Plaintiff's pay rate was determined by Protouch Staffing Healthcare at $365.00 an hour, starting on December 8, 2023.

44.     Plaintiff was further to be compensated from January 4, 2024, at "$100 floor and for each XR case/study exam completed, you [Plaintiff] will receive compensation of $13.00 per exam."

45.     Plaintiff was permitted by Defendant or suffered to work on various tasks off the clock including duties for which the Plaintiff was primarily employed, but the Plaintiff has not been compensated for these tasks and remains unpaid.

46.     The Plaintiff, always was an exemplary employee of the Defendant.

47.     Protouch Staffing Healthcare exercised significant control over the nature and structure of the employment relationship for Plaintiff and has also exercised significant economic control over the relationship of Plaintiff and Plaintiff's employment relationship.

**COUNT I**
**NEV. CONST. ART. XV, § 16- FAILURE TO PAY MINNIMUM WAGE**
**(AGAINST DEFENDANT AND DEFENDANT INDIVIDUALS)**

Page **8** of **20**

48.     The Plaintiff repeats all of the facts and allegations made in this Complaint and brings this First Claim for Relief pursuant to Article 15, Section 16, of the Nevada Constitution.

49.     At the time of separation of employment on January 17, 2024 from Defendants, Plaintiff was making less than $12.00 per hour. Plaintiff was regularly scheduled by Defendants for daily ten to twelve hour shifts, four to six days per week, and regularly worked in excess of a forty-hour workweek.

50.     Pursuant to Article 15, Section 16, of the Nevada Constitution, the Plaintiff is entitled to an hourly minimum wage for every hour that they worked as specified therein and the Plaintiff were often or always not paid such required minimum wages, which in the Plaintiff'' circumstances should have been at least the minimum wage of $12.00 an hour, and the agreed upon variable wage of $365.00 per hour.

51.     Defendants engaged in the conduct set forth above in an intentional scheme to maliciously, oppressively and dishonestly deprive its employee of the hourly minimum wages that were guaranteed to those employees by Article 15, Section 16, of the Nevada Constitution.

52.     Defendants so acted in the hope that by the passage of time whatever rights such employees had to such minimum hourly wages owed to them by the Defendant would expire, in whole or in part, or by operation of law.

53.     Defendant's malicious, oppressive, and dishonest conduct is also demonstrated by their willful failure to make any attempt to determine, by instigating or any appropriate legal proceeding, whether the wages paid to current or former employees comply with the provisions of Article 15, Section 16, of the Nevada Constitution.

54.     Defendants could have brought such a proceeding and made an allowance to pay such additional minimum hourly wages, if they were found to be due, into an escrow account, while awaiting judicial determination of their obligation to make those payments.

55.     Defendants failed to take such actions because they well knew they were not compensating employees in accordance with the provisions of Article 15, Section 16, of the Nevada Constitution and that any such judicial proceeding would result in a finding that they had to pay the Plaintiff the minimum wage proscribed by Article 15, Section 16, of the Nevada

Constitution.

56.    The Plaintiff seeks all relief available to Plaintiff under Nevada's Constitution, Article 15, Section 16 including appropriate injunctive and equitable relief to make the Defendant cease their violations of Nevada's Constitution and for a suitable award of punitive damages.

57.    Defendant failed to pay the proper $12.00 an hour minimum wage to the Plaintiff and applicable wages of Plaintiff.

58.    Plaintiff, by refusal of payment by Defendant, was employed by Defendant at a rate of pay below the amount of the applicable minimum wage. Frequently, Defendant would require and/or permit Plaintiff to work shifts more than eight hours in a workday and/or forty hours in a workweek.

59.    Nevertheless, the Defendant failed and refused to properly compensate Plaintiff for regular and overtime pay.

60.    On the basis of information and belief, payroll for any potential compensation of Plaintiff provided by the Defendant was through a common enterprise or joint venture. One such entity from employee's payroll stubs is named "Protouch Nurses" per direct deposit. For this Court's convenience, a true and accurate redacted paycheck or wage deposit dated January 16, 2024 is attached hereto as **Exhibit II**

61.    In relation to Nevada Law, no provisions of the FLSA excuses the Defendant's noncompliance with any other Federal or Nevada State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under the FLSA or a maximum workweek lower than the maximum workweek established under the FLSA.[10]

62.    Further, no provision of the FLSA justifies the Defendant employer in reducing the wage paid by Defendant which is in excess of the applicable minimum wage under this chapter, or justify the Defendant in increasing hours of employment maintained by him which are shorter

_____

[10] *See generally,* 29 USCA § 218.

than the maximum hours applicable under the FLSA. *Id*.

63.     On the basis of information and belief, DOES 1 through 10 were agents, employees, and/or managers acting at the direction of the Defendant, and routinely managed and/or supervised employees at Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing locations.

64.     There is now due, owing, and unpaid by Defendant, earned wages to the Plaintiff, a sum to be proven at trial, or otherwise ascertainable from the records the Defendants are required by law to maintain, a sum in damages for the reimbursement or compensation of costs due to the Defendant requiring the Plaintiff to work "off the clock" or without pay.

65.     Defendants engaged in the conduct set forth in the paragraphs above in an intentional scheme to maliciously, oppressively, and dishonestly deprive its employee of the hourly minimum wages that were guaranteed to the Plaintiff by Article 15, Section 16, of the Nevada Constitution.

66.     The Plaintiff, seeks, on this First Claim for Relief, a judgment against the Defendant for minimum wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the Plaintiff, a suitable injunction and other equitable relief barring the Defendant from continuing to violate Nevada's Constitution and estopping them from interposing any defense in this action based upon the statute of limitations, a suitable award of punitive damages, and an award of attorney's fees, interest and costs, as provided for by Nevada's Constitution and other applicable laws.

**COUNT II**
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED IN VIOLATION OF NRS 608.140 AND 608.016**
**(Against Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, a Corporation, Pro-Touch Nurses, Inc., a Corporation)**

67.     Plaintiff realleges and incorporates by the reference all the paragraphs in this Complaint as though fully set forth herein.

68.     N.R.S. § 608.140 provides that an "employee" shall have the right to bring suit for unpaid wages. An "employee" in Nevada is any person "in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed."

69.     Nevada Revised Statutes ("N.R.S.") § 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period," including time worked by the employee that is outside the scheduled hours of work of the employee.

70.     By failing to compensate Plaintiff for all time spent working, Defendant failed to pay Plaintiff for all hours worked in violation of N.R.S. § 608.140, 608.016.

71.     Wherefore, Plaintiff demands for themselves payment by Defendant, payment at the Nevada Constitutional minimum wage, and for Plaintiff's regular rate of pay, and any applicable overtime premium rate, whichever is higher, and for all wages due for times worked each shift but not paid, and for the two years immediately preceding the filing of this complaint, or from December 8, 2023 until the date of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

**COUNT III**
**N.R.S. § 608.018 – OVERTIME WAGE VIOLATION**
**(Against Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, Pro-Touch Nurses, Inc., a Corporation)**

72.     Plaintiff repeats and reiterates each allegation made in this Complaint herein.

73.     The Plaintiff brings this Third Claim for Relief against the Defendant pursuant to Nevada Revised Statutes § 608.018 on behalf of Plaintiff.

74.     Defendant has failed and refused to pay the Plaintiff overtime, or time and one-half pay, at the full wage rate compelled by Article 15, Section 16 of the Nevada Constitution, in that such persons were paid by Defendant at a rate less than the required $12.00 an hour for certain hours they should have been paid an overtime rate of at least time and one-half $12.00 an hour, pursuant to Nevada Revised Statutes § 608.018.

75.     Plaintiff were scheduled and regularly worked in excess of eight hours per day and forty hours per week and were entitled to overtime wages.

76.     Defendant failed to pay Plaintiff overtime wages, where applicable, for performing "off the clock" work, or work uncompensated, and at the direction of the Defendant.

77.     The Plaintiff brings this Third Count for Relief against the Defendant pursuant to N.R.S. § 608.018.

78.     Plaintiff has alleged sufficient facts to provide the Defendant with at least one workweek in which the Plaintiff worked in excess of forty hours in one workweek and Plaintiff was not paid overtime wages.

79.     For the Court's consideration, a true and accurate copy of Plaintiff Penfil's redacted timesheet, dated December 8, 2023 to December 31, 2023, reflecting a two week pay period where the Plaintiff worked in excess of 40 hours per week and/or eight hours a day and also but was not appropriately paid overtime, is attached hereto **as Exhibit III.**

80.     Defendant failed to pay the Plaintiff's overtime wages, where applicable. Plaintiff was not paid any wages for performing work, or for "off the clock" work at the direction of the Defendant.

81.     Plaintiff, being paid no wages whatsoever due and compensable under N.R.S. § 608.018, one and one half their regular hourly rate for such work where such hours were in excess of 8 hours per day and/or 40 hours per week.

82.     The Defendants have a statutory duty to inform Plaintiff of their legal rights pursuant to N.R.S. § 608.013.

83.     At no time was a copy of an abstract of Nevada Wage and Hour Laws posted or provided to Plaintiff, in violation of N.R.S. § 608.013.

84.     By failing and refusing to comply with N.R.S. § 608.013, the Defendant intentionally concealed from Plaintiff that their legal rights are being violated by Defendants' conduct and that the Plaintiff had and have the right as employees to receive, at minimum, the hourly wage prescribed by Nevada law for each hour worked.

85.     As a result of the foregoing, the Plaintiff seeks a judgment against the Defendant for their unpaid overtime wages owed as prescribed by N.R.S. § 608.018, along with interest, costs, and attorneys' fees.

86.     As a result of the foregoing, the Plaintiff seeks a judgment against the Defendant for the unpaid overtime wages owed to them as prescribed by Nevada Revised Statutes § 608.018, along with interest, costs, and attorneys' fees.

**COUNT IV**
**FAILURE TO TIMELY PAY ALL WAGES DUE AND OWING UPON TERMINATION PURSUANT TO NRS**
**608.140 AND 608.020-.050**
**(Against Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, a Corporation, Pro-Touch Nurses, Inc., a Corporation)**

87. Plaintiff reallege and incorporates by reference all paragraphs and allegations in this Complaint as though fully set forth herein.

88. N.R.S. § 608.140 provides that an employee has a private right of action for unpaid wages.

89. N.R.S. § 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

90. The Plaintiff bring this Fourth Claim for Relief against the Defendant pursuant to Nevada Revised Statutes § 608.040.

91. The Plaintiff has been separated from their employment with the Defendant and at the time of such separation were and are owed unpaid wages by the Defendant.

92. The Defendant has failed and refused to pay the Plaintiff, who is Defendant's former employee, Plaintiff's earned but unpaid wages. Such conduct by such Defendant constitutes a violation of Nevada Revised Statutes § 608.020, or § 608.030, or § 608.050, or § 608.190  and gives such Plaintiff a claim against the Defendant for a continuation after the termination of their employment with the Defendant of the normal daily wages Defendant would pay them, until such earned but unpaid wages are actually paid or for 30 days, whichever is less, pursuant to Nevada Revised Statutes § 608.040.

93. N.R.S. § 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

94. N.R.S. § 608.050 grants an "employee lien" to each discharged or laid-off employee for

the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

95.     By failing to pay Plaintiff for all hours worked in violation of state and/or federal law, at the correct legal rate, the Defendants have failed to timely remit all wages due and owing to Plaintiff.

96.     Despite Plaintiff's demands, the Defendant willfully refuses and continues to refuse to pay Plaintiff.

97.     Wherefore, Plaintiff demands thirty (30) days wages under N.R.S. § 608.140 and 608.040, and an additional thirty (30) days wages under N.R.S. § 608.140 and 608.050, together with attorneys' fees, costs, and interest as provided by law.

98.     Pursuant to N.R.S. §608.040, Plaintiff seeks waiting time penalties in addition to wages due whose employment terminated without having been properly compensated within the two years preceding the filing of this Complaint with Jury Demand.

99.     Plaintiff was to be paid by Defendants as an hourly employee at $365.00 an hour, and were classified by the Defendant as non-exempt, but Plaintiff was not appropriately compensated for all hours and time worked for the Defendant.

100.    Plaintiff was permitted or suffered to work for time without being paid compensation or wages.

101.    Plaintiff was permitted, suffered, or otherwise performed work for the benefit of Defendant while they were "off the clock."

102.    At all times relevant, Plaintiff is in compliance with Defendant's work performance expectations.

103.    Plaintiff have been separated from their employment with the Defendant and at the time of such separation were owed unpaid wages and reimbursements for expenses by the Defendant.

104.    The Defendant failed and refused to pay the Plaintiff their earned but unpaid wages. Such conduct by Defendant constitutes a violation of N.R.S. § 608.020, or § 608.030 and gives Plaintiff

a claim against the Defendant for a continuation after the termination of his employment with the Defendant of his normal daily wages Defendant would pay him, until such earned but unpaid wages are actually paid or for 30 days, whichever is less, pursuant to N.R.S. § 608.040.

105.    As a result of the foregoing, Dr. Penfil seeks a judgment against the Defendants for the wages owed to Plaintiff as prescribed by N.R.S. § 608.040, to wit, for a sum equal to up to thirty days' wages, along with interest, costs, and attorney's fees.

**COUNT V**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. § 207**
**(AGAINST ALL DEFENDANTS)**

106.    Plaintiff reallege and incorporate by reference all the paragraphs in this Complaint as though fully set forth herein.

107.    Under the FLSA, the Defendant-business employs the Plaintiff-workers and the Defendant "suffered or permitted" Plaintiff to work without compensation for overtime, where applicable. *See* 29 U.S.C.A. § 203(g).

108.    At all times relevant herein, Taylor Kennedy, John Cosme, and Derek Clement, have acted directly and indirectly in the interest of Defendants Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, as an individual or joint employer with Defendant and Pro-Touch Nurses, Inc., a corporation, and are therefore subject to individual liability under §203(d) of the Fair Labor Standards Act.

109.    Defendants understood primary employment of Plaintiff was not administratively

110.    29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

111.    During the period covered by the employment, the Plaintiff performed overtime work for which no additional compensation was paid to the Plaintiff by the Defendant corporation, in

Page **16** of **20**

violation of the provisions of the FLSA.

112.    Wherefore, Plaintiff demand that Defendant pay Plaintiff one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**COUNT VI**
**NEGLIGENT HIRING, TRAINING, AND SUPERVISION IN VIOLATION OF**
**NEVADA PUBLIC POLICY**
**(Against All Defendants)**

113.    Plaintiff repeats and reiterates each allegation made in this Complaint herein.

114.    Defendants have a duty to exercise reasonable care to protect Plaintiff from negligent and/or careless actions of Defendant, their own agents, officers, employees, and others.

115.    Defendant owed a duty to Plaintiff to not hire individuals with a propensity towards committing unlawful acts against Plaintiff.

116.    Defendants owed a duty to Plaintiff to adequately train and supervise their employees and Plaintiff in regards to all correct policies and procedures relating to compensation, payment, wages, medical leave, absence, safety, health, and/or termination policies and procedures.

117.    Defendants breached its duty to protect Plaintiff by failing to properly hire, train, and/or supervise their employees, whereby a reasonable person could have foreseen the injuries of the type Plaintiff suffered would likely occur under the circumstances.

118.    As a direct and proximate cause of the foregoing conduct, Plaintiff suffered harm including loss of income and benefits, severe emotional distress including but not limited to great mental and emotional harm, anguish, anxiety, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, and loss of sleep and/or anxiety.

119.    As a result of the Defendants' conduct, as set forth herein, Plaintiff has retained counsel to prosecute this action, and the undersigned attorney is entitled to recover the attorney's fees, costs, and costs of suit.

120.    Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## COUNT VIII
## BREACH OF CONTRACT
### (Against All Defendants)

121. Plaintiff realleges and incorporates by reference all the paragraphs in this Complaint as though fully set forth herein.

122. At all times relevant herein, Defendant had an agreement with Plaintiff to reimburse and compensate Plaintiff for in the course and scope of employment with Defendant.

123. Defendant failed in their obligations to pay the Plaintiff as agreed upon by the Defendant to employee-Plaintiff.

124. Defendant also breached its employment agreement with Plaintiff by failing to compensate Plaintiff for all time spent or suffered to work.

125. As a result of Defendant's breach, Plaintiff has suffered economic loss including lost wages and interest, and for reimbursements, compensation, and damages.

126. The statute of limitations for a breach of an agreement is up to six years in Nevada. The statute of limitations for a breach of an oral agreement in Nevada is up to four years in Nevada.

127. Wherefore, the Plaintiff demands Defendant pay Plaintiff the agreed upon rate of pay for all hours worked or as provided by law for all work suffered during the relevant time-period alleged herein, together with attorney's fees, costs, and interest as provided by law.

128. As a result of the Defendants' conduct, as set forth herein, Plaintiff has retained counsel to prosecute this action, and the undersigned attorney is entitled to recover the attorney's fees, costs, and costs of suit.

## COUNT IX
## UNJUST ENRICHMENT
### (Against All Defendants)

129. Plaintiff repeats and reiterates each and every allegation made in this Complaint herein.

130. Defendants' refusal to fairly compensate Plaintiff for wages earned unjustly enriches Defendants.

131. Defendants' violation of the agreement unjustly enriched Defendants because Defendants received the benefit of Plaintiff's employment, without adequately compensating Plaintiff for Plaintiff's labor.

132.    Defendants have been unjustly enriched because they received the benefits of certain services provided by Plaintiff, without paying the value of those benefits provided thereof from Dr. Penfil.

133.    Defendants have retained the value of these items. In fact, the benefits conferred by Dr. Penfil to Defendants for which he has not been justly compensated have enabled Defendants to earn substantial amounts of monies, the exact abounts to be determined during the discovery period in this proceeding before the Court,

134.    It is contrary to policy, justice, and fairness to allow Defendants to retain the value of these items without providing just compensation.

135.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

136.    As a result of the Defendants' conduct, as set forth herein, Plaintiff has retained counsel to prosecute this action, and the undersigned attorney is entitled to recover the attorney's fees, costs, and costs of suit.

137.    Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Dr. Richard Penfil, by and through Plaintiff's attorney, Calder B. Gabroy, Esq. of the law firm **CALDER B. GABROY, LTD.** demands judgment against the Defendants and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, injury, and the costs of this action. Plaintiff prays for judgment against Defendants as follows:

A.    Damages in excess of $15,000.00

B.    Relief on each cause of action as alleged aforesaid, each in excess of $15,000.00,

C.    For damages according to proof at the minimum wage rate, the regular rate or the overtime

premium rate, if applicable, for payment under Article 15, Section 16 of the Constitution of the State of Nevada, NRS 608.140, NRS 608.016, and NRS 608.018 for all hours worked but not paid;

D.    For damages according to proof at the minimum wage rate, the regular rate or the overtime premium rate, if applicable, under Federal and Nevada law for all hours worked but not paid;

E.    For damages to include the Plaintiff's agreed upon rate of pay for all hours and time worked;

F.    For liquidated damages pursuant to 29 U.S. C. § 216(b);

G.    For all remedies available under the law or in equity appropriate to remedy violations of the FLSA, including but not limited to back pay, damages, reinstatement or injunctive relief.

H.    For waiting time penalties pursuant to N.R.S. § 608.140 and 608.040-.050;

I.    For damages pursuant to Defendants' breach of contract;

J.    For reasonable attorney's fees as authorized by statute, law, or otherwise;

K.    For costs of suit incurred herein;

L.    For interest at the maximum allowable rate, pre-judgment, and post-judgment interest, as provided by law; and

M.    For such other and further relief as this Honorable Court may deem just and proper.

**DATED** and **EXECUTED**: 12/16/2024

Calder B. Gabroy, Esq.
Nevada Bar No. 14366
**CALDER B. GABROY, LTD.**
1810 East Sahara Avenue, Suite 582
Las Vegas, Nevada 89104-3707
Tel. No.: 702.728.5708
Fax. No.: 702.207.2199
calder@caldergabroy.com
www.caldergabroy.com
*Representing Plaintiff*

# EXHIBIT I
Consent to Joinder

# EXHIBIT I
Consent to Joinder

**CONSENT TO JOINDER**

I, <u>Richard Penfil, MD</u>, by signing below, hereby consent to join this case as a Plaintiff pursuant to 29 U.S.C. 216(b).

Signature: <u>*Richard Penfil, MD*</u>
Richard Penfil, MD (Dec 10, 2024 20:56 PST)

As Represented By:

Calder B. Gabroy, Esq.
NV Bar No. 14366
**CALDER B. GABROY, LTD.**
1810 East Sahara Avenue, Suite 582
Las Vegas, Nevada 89104-3707

Page **1** of **1**

# EXHIBIT II

Redacted Paycheck or Wage Deposit, dated January 16, 2024

| 1/16/2024 | Pro Touch Nurses | + $25,000.00 |

Completed 1/16/2024

# EXHIBIT III

Redacted Timesheet, dated December 8, 2023 to December 31, 2023

DocuSign Envelope ID: EDD932CC-8FFB-4485-8AFE-3054FA7B4ACD

| | | Date | Time EST | Time PST | Last Read | Hours Scheduled |
|---|---|---|---|---|---|---|
| **Richard Penfil** | | 12/8/2023 | 12a-10a | 9p-7a | | 10.00 |
| | | 12/9/2023 | 1a-1p | 10p-10a | | 12.00 |
| Pay Schedule: Net 30 | | 12/10/2023 | 1a-1:30a | 10p-10:30a | | 12.50 |
| | | 12/11/2023 | 1a-1:45p | 10p-10:45a | | 12.75 |
| | | 12/12/2023 | 1a-11:30p | 10p-8:30a | | 10.50 |
| Contract: ProTouch | | 12/13/2023 | 1a-1:30a | 10p-10:30a | | 12.50 |
| | | 12/14/2023 | 1a-12p | 10p-9a | | 11.00 |
| | | 12/15/2023 | 1a-12p | 10p-9a | | 11.00 |
| | | 12/16/2023 | 1a-12p | 10p-9a | | 11.00 |
| | | 12/17/2023 | 1a-12p | 10p-9a | | 11.00 |
| | | 12/18/2023 | 1a-11:30a | 10p-8:30a | | 10.50 |
| | | 12/19/2023 | 1a-12p | 10p-9a | | 11.00 |
| | | 12/20/2023 | 1a-11a | 10p-8a | | 10.00 |
| | | 12/21/2023 | 1a-11a | 10p-8a | | 10.00 |
| | | 12/22/2023 | 1a-12p | 10p-9a | | 11.00 |
| | | 12/23/2023 | 1a-12:30a | 10p-9:30a | | 11.50 |
| | | 12/24/2023 | 1a-12:30a | 10p-9:30a | | 11.50 |
| | | 12/25/2023 | 1a-11a | 10p-8a | | 10.00 |
| | | 12/26/2023 | 1a-11:30a | 10p-8:30a | | 10.50 |
| | | 12/27/2023 | 1a-11a | 10p-8a | | 10.00 |
| | | 12/28/2023 | 1a-11a | 10p-8a | | 10.00 |
| | | 12/29/2023 | 1a-11:30a | 10p-8:30a | | 10.50 |
| | | 12/30/2023 | 1a-11a | 10p-8a | | 10.00 |
| | | 12/31/2023 | 1a-3a | 10p-12a | | 2.00 |

**252.75**

DocuSigned by:

*Dr. Richard Penfil*

FC666B8392494A5...

## AFFIDAVIT OF SERVICE

Electronically Filed
1/9/2025 12:48 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-24-908458-C | Court:<br>EIGHTH JUDICIAL DISTRICT COURT | County:<br>CLARK COUNTY, NV | Job: |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Richard Penfil | | **Defendant / Respondent:**<br>Protouch Staffing Healthcare, aka and dba Protouch Staffing, a Corporation, et al. | |
| **Received by:**<br>Serve Vegas LLC | | **For:**<br>CALDER B. GABROY, Ltd. | |
| **To be served upon:**<br>Pro-Touch Nurses, Inc. | | | |

I, Shea Byers, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Marcy V., 9107 West Russell Road Ste. 100, Las Vegas, NV 89148 |
| **Manner of Service:** | Registered Agent, Dec 26, 2024, 3:42 pm PST |
| **Documents:** | Complaint, Summons |

**Additional Comments:**
1) Successful Attempt: Dec 26, 2024, 3:42 pm PST at 9107 West Russell Road Ste. 100, Las Vegas, NV 89148 received by Marcy V.. Age: 30; Gender: Female; Height: 5'6"; Hair: Black; Other: Job Title: SOP Admin;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.


Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____          12/26/2024
Shea Byers                                                    **Date**
R-2020-01199

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

**Electronically Filed**
**1/9/2025 12:48 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

## AFFIDAVIT OF SERVICE

| Case: A-24-908458-C | Court: EIGHTH JUDICIAL DISTRICT COURT | County: CLARK COUNTY, NV | |
|---|---|---|---|
| | | | 12388961 |
| Plaintiff / Petitioner: Richard Penfil | | Defendant / Respondent: Protouch Staffing Healthcare, aka and dba Protouch Staffing, a Corporation, et al. | |
| Received by: Stealth Process | | For: CALDER B. GABROY, Ltd. | |
| To be served upon: Derek Clement | | | |

I, JayKob McArter, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Derek Clement, 2209 Gill Star Drive, Haslet, TX 76052

**Manner of Service:**   Personal/Individual, Dec 27, 2024, 12:05 pm CST

**Documents:**   Complaint, Summons

**Additional Comments:**

1) Successful Attempt: Dec 27, 2024, 12:05 pm CST at 2209 Gill Star Drive, Haslet, TX 76052 received by Derek Clement. Age: 36; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 5'9"; Hair: Brown; Eyes: Brown;

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

JayKob McArter                     Date   12/27/24
PSC-20627
Tarrant County

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
Nevada License 1914

**AFFIDAVIT OF SERVICE**

Electronically Filed
1/9/2025 12:48 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-24-908458-C | Court:<br>EIGHTH JUDICIAL DISTRICT COURT | County:<br>CLARK COUNTY, NV | Job: |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Richard Penfil | | **Defendant / Respondent:**<br>Protouch Staffing Healthcare, aka and dba Protouch Staffing, a Corporation, et al. | |
| **Received by:**<br>Stealth Process | | **For:**<br>CALDER B. GABROY, Ltd. | |
| **To be served upon:**<br>Protouch Staffing Healthcare, AKA and DBA Protouch Staffing | | | |

I, Sarah Lynnette Montenegro, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   John Cosme, 1701 Legacy Drive Ste. 1000, Frisco, TX 75034

**Manner of Service:**   Registered Agent, Jan 2, 2025, 9:09 am CST

**Documents:**   Complaint, Summons

**Additional Comments:**
1) Successful Attempt: Jan 2, 2025, 9:09 am CST at 1701 Legacy Drive Ste. 1000, Frisco, TX 75034 received by John Cosme. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 190; Height: 5'7"; Hair: Black; Eyes: Brown; Relationship: Business Development;
Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_Sarah Lynnette Montenegro_

01/03/2025
_____
Sarah Lynnette Montenegro         **Date**
Collin County

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

**AFFIDAVIT OF SERVICE**

Electronically Filed
1/9/2025 12:48 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-24-908458-C | Court:<br>EIGHTH JUDICIAL DISTRICT COURT | County:<br>CLARK COUNTY, NV | Job: |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Richard Penfil | | **Defendant / Respondent:**<br>Protouch Staffing Healthcare, aka and dba Protouch Staffing, a Corporation, et al. | |
| **Received by:**<br>Stealth Process | | **For:**<br>CALDER B. GABROY, Ltd. | |
| **To be served upon:**<br>Taylor Kennedy | | | |

I, Sarah Lynnette Montenegro, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Taylor Kennedy, 1701 Legacy Drive Ste. 1000, Frisco, TX 75034

**Manner of Service:**   Personal/Individual, Jan 2, 2025, 9:15 am CST

**Documents:**   Complaint, Summons

**Additional Comments:**

1) Successful Attempt: Jan 2, 2025, 9:15 am CST at 1701 Legacy Drive Ste. 1000, Frisco, TX 75034 received by Taylor Kennedy. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 190; Height: 5'8"; Hair: Blond; Eyes: Blue;

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_Sarah Lynnette Montenegro_

01/03/2025
_____
Sarah Lynnette Montenegro          **Date**
Collin County

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

## AFFIDAVIT OF SERVICE

**Electronically Filed**
**1/9/2025 12:48 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

| Case: A-24-908458-C | Court: EIGHTH JUDICIAL DISTRICT COURT | County: CLARK COUNTY, NV | Job: |
|---|---|---|---|
| **Plaintiff / Petitioner:** Richard Penfil | | **Defendant / Respondent:** Protouch Staffing Healthcare, aka and dba Protouch Staffing, a Corporation, et al. | |
| **Received by:** Stealth Process | | **For:** CALDER B. GABROY, Ltd. | |
| **To be served upon:** John Cosme | | | |

I, Sarah Lynnette Montenegro, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   John Cosme, 1701 Legacy Drive STE 1000, Frisco, TX 75034
**Manner of Service:**           Personal/Individual, Jan 6, 2025, 8:52 am CST
**Documents:**                   Complaint, Summons

**Additional Comments:**
1) Successful Attempt: Jan 6, 2025, 8:52 am CST at 1701 Legacy Drive STE 1000, Frisco, TX 75034 received by John Cosme. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 190; Height: 5'7"; Hair: Black; Eyes: Brown;

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_01/06/2025_

Sarah Lynnette Montenegro          **Date**
Collin County

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

Electronically Filed
1/29/2025 3:31 PM
Steven D. Grierson
CLERK OF THE COURT

JEFFREY WINCHESTER (Nevada Bar No. 10279)
E: JWinchester@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Ste 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendants*

EIGHTH JUDICIAL DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| Richard Penfil, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>Protouch Staffing Healthcare, aka and dba Protouch Staffing, Corporation, Pro-Touch Nurses, Inc., a Corporation, Taylor Kennedy, an individual, John Cosme, an individual, Derek Clement, an individual, Employee(s)/Agents DOES I-X; Corporations, Companies, Entities, Associations, and/or Partnerships ROES XI-XX,<br><br>Defendants. | Case No.: A-24-908458-C<br>Dept. No.: 10<br><br>**DEFENDANTS PROTOUCH STAFFING HEALTHCARE aka and dba PROTOUCH STAFFING, PRO-TOUCH NURSES, INC., TAYLOR KENNEDY, JOHN COSME, AND DEREK CLEMENT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COME NOW Defendants Protouch Staffing Healthcare, aka and dba Protouch Staffing ("Protouch Staffing"), Pro-Touch Nurses, Inc. ("Pro-Touch Nurses"), Taylor Kennedy ("Mr. Kennedy"), John Cosme ("Mr. Cosme"), and Derek Clement ("Mr. Clement"), represented by and through Jeffrey Winchester of the law firm **O'Hagan Meyer, PLLC**, and hereby Answer Plaintiff Richard Penfil's ("Plaintiff" or "Penfil") Complaint as follows.

Defendants deny the allegations contained in the unnumbered paragraph contained on pages 1 and 2 of the Complaint, and entitled "NATURE OF PLAINTIFF'S CLAIMS AND PRELIMINARY STATEMENT."

1. Defendants admit that Plaintiff is a natural person. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore deny those allegations.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint with the exception of the allegation that the entity identified in Paragraph 8 "conduct[s] business within the County of Clark, State of Nevada."  Defendants deny that allegation.

9. Paragraph 9 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

10. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 of the Complaint, and therefore deny those allegations.

11. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 of the Complaint, and therefore deny those allegations.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

2

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

17. Defendants admit that Mr. Cosme is a natural person, that he resides in Frisco, Texas, and that he is employed by Protouch Staffing. Defendants deny the remaining allegations contained in the Paragraph.

18. Paragraph18 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. Paragraph 19 of the Complaint solely contains allegations directed toward Doe and Roe defendants, to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. Paragraph 20 of the Complaint solely contains allegations directed toward Doe and Roe defendants, to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. Paragraph 21 of the Complaint solely contains allegations directed toward Doe and Roe defendants, to which no response is required. To the extent a response is required, Defendants deny the allegations.

22. Paragraph 22 of the Complaint solely contains allegations directed toward Doe and Roe defendants, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**JURISDICTION AND VENUE**

23. Paragraph 23 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. Paragraph 24 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

3

allegations.

25. Paragraph 25 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. Defendants state that the document attached at Exhibit I speaks for itself. Defendants deny the remaining allegations contained in Paragraph 26.

27. Paragraph 27 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

28. Paragraph 28 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. Paragraph 29 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. Paragraph 30 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. Paragraph 31of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants state that the documents referred to in Paragraph 33 of the Complaint speak for themselves. Defendants deny the remaining allegations contained in the Paragraph.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35of the Complaint solely contains legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations.

36.    Defendants also demand a jury trial on all issues triable by a jury herein.

## THE FACTS

37.    Defendants admit and aver that Protouch Staffing and Pro-Touch Nursing recruit healthcare professionals and assign them to Protouch and Staffing and Pro-Touch Nurses clients on an independent contractor basis. Defendants deny that Plaintiff was ever an employee of Protouch Staffing or Pro-Touch Nurses. Defendants deny the remaining allegations contained in Paragraph 37.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants state that the language quoted in Paragraph 44 of the Complaint speaks for itself. Defendants deny the remaining allegations contained in the Paragraph.

45.    Plaintiffs allege and aver that to the extent Plaintiff was not compensated for his services to Protouch's client, that is because the client never paid Protouch, and Protouch was not required to pay Plaintiff pursuant to the agreement between Protouch and Plaintiff.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint.

## COUNT I
## NEV. CONST.ARTICLE XV, § 16 – FAILURE TO PAY MINNIMUM [sic] WAGE
### (Against Defendant and Defendant Individuals)

48.    Defendants reallege their responses numbered 1 through 47 above and incorporate by reference same as if fully set forth herein. Defendants deny the remaining

5

allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

55. Paragraph 55 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants state that the document attached to the Complaint at Exhibit II speaks for itself. Defendants deny the remaining allegations contained in Paragraph 60.

61. Paragraph 61 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. Paragraph 62 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6

63. Paragraph 63 of the Complaint solely contains allegations directed toward Doe defendants, to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

## COUNT II
## FAILURE TO PAY WAGES FOR ALL HOURS WORKED IN VIOLATION OF NRS 608.140 AND 608.016
**(Against Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, a Corporation, [and] Pro-Touch Nurses, Inc. a Corporation)**

67. Defendants reallege their responses numbered 1 through 66  above and incorporate by reference same as if fully set forth herein.

68. Paragraph 68 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

69. Paragraph 69 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

## COUNT III
## N.R.S. § 608.018  -- OVERTIME WAGE VIOLATION
**(Against Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, a Corporation, [and] Pro-Touch Nurses, Inc. a Corporation)**

72. Defendants reallege their responses numbered 1 through 71  above and incorporate by reference same as if fully set forth herein.

73. Paragraph 73 of the Complaint solely contains legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

82. Paragraph 82 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

83. Paragraph 83 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint.

**COUNT IV**
**FAILURE TO TIMELY PAY ALL WAGES DUE AND OWING UPON TERMINATION PURSUANT TO NRS 608.140 AND 608.020-050.**
**(Against Protouch Staffing Healthcare, *aka* and *dba* Protouch Staffing, a Corporation, [and] Pro-Touch Nurses, Inc. a Corporation)**

87. Defendants reallege their responses numbered 1 through 87 above and incorporate

8

by reference same as if fully set forth herein.

88. Paragraph 88 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. Paragraph 89 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

90. Paragraph 90 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

94. Paragraph 94 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.   Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.   Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.   Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.   Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 105 of the Complaint.

## COUNT V
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. § 207
### (Against All Defendants)

106.   Defendants reallege their responses numbered 1 through 105 above and incorporate by reference same as if fully set forth herein.

107.   Paragraph 107 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

108.   Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.   Defendants respond to Paragraph 109 of the Complaint by stating that Paragraph 111. appears to solely contain an incomplete sentence fragment to which no response is required. To the extent a response is required, Defendants deny the allegations.

110.   Paragraph 110 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

111.   Defendants deny the allegations contained in Paragraph 111of the Complaint.

112.   Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 112 of the Complaint.

## COUNT VI
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION IN VIOLATION OF NEVADA PUBLIC POLICY
### (Against All Defendants)

113.   Defendants reallege their responses numbered 1 through 112 above and

incorporate by reference same as if fully set forth herein.

114. Paragraph 114 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

115. Paragraph 115 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

116. Paragraph 116 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

## COUNT VIII
## BREACH OF CONTRACT
### (Against All Defendants)

121. Defendants reallege their responses numbered 1 through 120 above and incorporate by reference same as if fully set forth herein.

122. Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint solely contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

127.    Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 127 of the Complaint.

128.    Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 128 of the Complaint.

**COUNT IX**
**UNJUST ENRICHMENT**
**(Against All Defendants)**

129.    Defendants reallege their responses numbered 1 through 128 above and incorporate by reference same as if fully set forth herein.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 135 of the Complaint.

136.    Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 127 of the Complaint.

137.    Defendants deny that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations contained in Paragraph 127 of the Complaint.

**JURY TRIAL DEMANDED**

138.    Defendants demand a trial by jury of all issues triable by Jury.

139.    Unless expressly admitted above, Defendants deny each and every allegations contained in Plaintiff's Complaint.

140.    All of the footnotes in the Complaint solely contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the footnotes.

12

**PRAYER FOR RELIEF**

141.    Defendants deny that Plaintiff is entitled to any relief or damages sought in his Prayer for Relief on pages 19 and 20 of the Complaint.

142.    Defendants pray that the Court dismiss the Complaint in its entirety, and that the Court award Defendants their attorneys fees and costs incurred in defending against Plaintiff's frivolous Complaint.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's Complaint is barred to the extent it fails to state a claim upon which relief may be granted.

2.    The Complaint is barred because Plaintiff was never an employee of any of the named Defendants.

3.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

4.    The Complaint is barred, in whole or in part, because there was no breach of contract between Plaintiff and any of the Defendants.

5.    The Complaint is barred, in whole or in part, because at all times relevant Plaintiff was an independent contractor.

6.    The Complaint is barred, in whole or in part, as to the individual Defendants because none of them exercised substantial control over significant aspects of the Defendants companies' day-to-day functions nor did they have any control over Plaintiff's day-to-day activities.

7.    Plaintiff's Complaint is barred, in whole or in part, by the doctrines of impossibility and frustration.

8.    The Complaint is barred for failure to comport with Nevada Rule of Civil Procedure 8(a).

9.    The Complaint is barred by the doctrine of unclean hands.

10.    The Complaint is barred the doctrine of accord and satisfaction.

13

11.   The Complaint is barred by the doctrine of laches.

12.   The Complaint is barred by the doctrine of *in pari delicto*.

13.   The Complaint is barred, in whole or in part, by Plaintiff's contributory/comparative negligence.

14.   Any recovery is barred or limited by Plaintiff's failure to mitigate damages and by Plaintiff's receipt of $35,000.

15.   The Complaint is barred to the extent any alleged injury or injuries or losses attributed by Plaintiff to Defendants were caused by a third party or third parties who are not parties to this lawsuit.

16.   Pursuant to Nevada law, Defendants incorporate by reference any applicable affirmative defenses not listed herein.

Dated this 29th day of January, 2025

                                    O'HAGAN MEYER


                          By      */s/ Jeff Winchester*
                                JEFFREY WINCHESTER
                                Nevada Bar No. 10279
                                300 S. 4th Street, Suite 1250
                                Las Vegas, NV 89101

                                *Attorneys for Defendants*

14

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of O'Hagan Meyer PLLC and that on this 29th day of January 2025, a true copy of **DEFENDANTS PROTOUCH STAFFING HEALTHCARE aka and dba PROTOUCH STAFFING, PRO-TOUCH NURSES, INC., TAYLOR KENNEDY, JOHN COSME, AND DEREK CLEMENT'S ANSWER TO PLAINTIFF'S COMPLAINT.** was served electronically with the Court using the Odyssey eFile NV Electronic Service system as follows:

Calder B Gabroy, Esq.
Nevada Bar No. 14366
**CALDER B. GABROY, LTD.**
1810 East Sahara Avenue, Suite 582
Las Vegas, NV 89104-3707
E: calder@caldergabroy.com

*Attorney for Plaintiff*

   By:                                         */s/ Krystle Platero*
                                              An Employee of
                                              O'HAGAN MEYER PLLC

15