UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD PENFIL,<br><br>Plaintiff,<br><br>v.<br><br>PROTOUCH STAFFING HEALTHCARE, *et. al.*,<br><br>Defendants. | Case No.: 2:25-cv-00202-MMD-BNW<br><br>ORDER |

## I.    SUMMARY

This action arises from a dispute regarding compensation allegedly owed for professional medical services provided in connection with a staffing arrangement. (ECF No. 1-1 ("Complaint").) Plaintiff Dr. Richard Penfil sued Defendants Protouch Staffing Healthcare, aka and dba Protouch Staffing Corporation, Pro-Touch Nurses, Inc., (collectively, "Protouch"), Taylor Kennedy, John Cosme, and Derek Clement (collectively, "Defendants") in this action primarily brought under Nevada law (NRS § 608) and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") for unpaid work time and overtime compensation, unfair labor practices, and other relief. (*Id.*) Before the Court is Defendants' motion for summary judgment.[1] (ECF No. 27 ("Motion").) For the reasons discussed below, the Court will grant Defendants' Motion, in part, because the undisputed evidence establishes the absence of an employment relationship between Plaintiff and Protouch. The Court will deny Defendants' Motion, in part, as to Plaintiff's unjust enrichment claim due to a genuine dispute of material fact.

---

[1]Plaintiff responded (ECF No. 28), and Defendants replied (ECF No. 29).

## II.    RELEVANT BACKGROUND[2]

Defendant Protouch is a professional medical staffing agency based in Clark County, Nevada that recruits and places medical professionals with healthcare institutions. (ECF No. 1-1 at 5; ECF No. 27-1 at 2.) The medical professionals recruited by Protouch provide temporary services to Protouch's clients. (ECF No. 27-2 at 23.) It is undisputed that Protouch recruited Plaintiff Dr. Richard Penfil to provide radiology services for its client, Essential Associates Holdings, LLC ("Essential Associates"), from December 8, 2023 to approximately January 17, 2024. (ECF No. 27-1 at 2-3; ECF No. 1-1 at 3; ECF No. 27-2 at 36.)

The parties dispute whether an employer-employee relationship existed between Dr. Penfil and Protouch. Plaintiff asserts that he was retained as Protouch's "non-exempt employee" (ECF No. 1-1 at 3) while Defendants contend that Plaintiff was retained as an "independent contractor," pursuant to a staffing arrangement, and was not employed by Protouch. (ECF No. 27 at 3-5, 12; ECF No. 27-2 at 25, 27; ECF No. 27-1 at 1). A staffing "Agreement for Locum Tenens Coverage" (the "Agreement") (ECF No. 27-2 at 23-29) and an Assignment Confirmation Letter (the "Letter") (ECF No. 27-2 at 30-31) govern the relationship between Protouch, Plaintiff, and Essential Associates.

As mentioned, under the arrangement, Plaintiff provided radiology services for Essential Associates. (ECF No. 27-1 at 2-3.) Plaintiff received images and assignments directly from Essential Associates and performed radiology services based on his medical training and professional judgment. (ECF No. 27-2 at 17-18.) Under the Agreement, the client, Essential Associates, is required to provide the provider, Dr. Penfil, with the following: a "reasonable coverage schedule," "customary equipment and supplies," and a "suitable practice environment." (*Id.* at 24.) Under these terms, Essential Associates is further responsible for "determining [Dr. Penfil's] schedule, number of hours worked, number of patients seen, and all other requirements related to [his] performance." (*Id.*)

---

[2]The following facts, adapted primarily from the Complaint and Defendant's Motion, are undisputed unless otherwise noted.

According to the Letter, Dr. Penfil, as the provider, is required to keep track of his time worked on an assignment. (*Id.* at 30.) And, under the Agreement, Essential Associates, as the client, is responsible for "making an independent determination as to how or what [it] [was] able to bill for these services." (*Id.* at 24.)

### A.   Procedural History

On January 29, 2025, Plaintiff initiated this action. (ECF Nos. 1, 1-1.) The Complaint asserts claims for uncompensated work time, uncompensated overtime, negligent hiring, training, and supervision, unjust enrichment, and breach of contract. (ECF No. 1-1 at 9-20.)

During discovery, Defendants served requests for admission on Plaintiff on March 3, 2026. (ECF No. 27 at 6-7.) Plaintiff's responses were due within 30 days unless otherwise stipulated or ordered. *See* Fed. R. Civ. P. 36(a)(3). Before the original deadline expired, Plaintiff requested, and Defendants granted, a two-week extension, making Plaintiff's responses due on April 16, 2025. (*Id.*; ECF No. 27-3.) Plaintiff did not serve his responses until April 24, 2025, eight days after the extended deadline. (ECF No. 28-2 at 9.) Although Plaintiff counters that he responded to the requests for admission (ECF No. 28 at 12-13), ultimately, his responses were untimely. When a party fails to respond to a request for admission, the relevant matters are deemed admitted and conclusively established. *See* Fed. R. Civ. P. 36(a)(3), (b).

Accordingly, the Court agrees that, because Plaintiff failed to serve timely responses, the matters set forth therein are deemed admitted.[3]

### III.   DISCUSSION

Defendants seek summary judgment primarily on the ground that no employer-employee relationship existed between Protouch and Dr. Penfil. (ECF No. 27 at 7-13.) Plaintiff, in opposition, responds that Protouch exercised sufficient control over the terms

---

[3]Defendants' requests for admission sought admissions regarding the absence of Protouch's supervision or control over Plaintiff's work and the fact that Protouch "did not assign specific tasks" for Plaintiff to provide to Essential Associates. (ECF No. 27 at 6-7.)

and conditions of his work to establish an employment relationship.[4] (ECF No. 28 at 9-11.) The Court agrees with Defendants.

### A. Wage and Overtime, Negligent Hiring, Training, and Supervision, and Breach of Contract Claims

The Court first addresses Plaintiff's wage and overtime claims, as well as his negligent hiring and breach of contract claims, all of which hinge on the existence of a contractual employment relationship, before turning to the unjust enrichment claim. The Court finds that the undisputed evidence establishes that no such employment relationship exists between the parties. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendants have satisfied their initial burden on summary judgment.[5] Defendants present undisputed evidence demonstrating that Plaintiff was recruited by Protouch to provide radiology services for Protouch's client and that Protouch did not exercise control over the manner or means by which Plaintiff performed those services. (ECF No. 27 at 3-4, 8-9.) First, the parties' staffing Agreement (ECF No. 27-2 at 23-29) and the Letter (ECF No. 27-2 at 30-31) reflect that Plaintiff received patient assignments, work schedules, and the equipment and resources necessary from Essential Associates and was not supervised by Defendant Protouch in the performance of his medical services. (ECF No. 27-2 at 24.)

Plaintiff argues, in response, that Protouch's maintenance of his time records and its role in processing payment establish an employment relationship. (ECF No. 28 at 9-11.) The Court is unpersuaded. The fact that Protouch maintained billing or time records

---

[4]The Court notes that Plaintiff's dense response (ECF No. 28) relies heavily on block quotations and lengthy footnotes in a manner that is inconsistent with the spirit of the page and formatting limitations set forth in Local Rule IA 10-1.

[5]*See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) (holding that summary judgment requires the moving party to bear the burden of showing that there are no genuine issues of material fact); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (Once the moving party satisfies Rule 56's requirements, the burden then shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial.").

and facilitated payment does not, standing alone, create a genuine dispute of material fact regarding the existence of an employer-employee relationship. That is, these administrative tasks aside, Plaintiff sets forth no additional evidence showing that Protouch controlled his day-to-day work, assigned his radiology cases, or supervised the manner in which he performed services. Moreover, Plaintiff's position is inconsistent with the parties' written agreements, which expressly contemplate that Plaintiff would perform services for Essential Associates and that Protouch "shall have no control as to the means or the quality of medical services" provided. (ECF No. 27-2 at 24.)

Next, the record is further strengthened by Plaintiff's failure to timely respond to Defendants' requests for admission. (ECF No. 28-2 at 9.) Because those requests are deemed admitted, *see* Fed. R. Civ. P. 36(a)(3), it is further confirmed that Protouch neither supervised Plaintiff's work nor assigned Plaintiff specific tasks and that Essential Associates—not Protouch—assigned Plaintiff's work and schedules. (ECF No. 27 at 6-7.) These admissions significantly undermine Plaintiff's assertion that Protouch exercised the type of control indicative of an employment relationship.

Moreover, the undisputed evidence establishes that Plaintiff functioned as an independent contractor rather than an employee. Both federal and Nevada law distinguish employees from independent contractors by considering, among other factors, the degree of control[6] exercised over the worker. *See* 29 C.F.R. § 795.110; § NRS 608.0155. The Court agrees with Defendants that the relevant factors weigh in favor of an independent-contractor relationship.[7] (ECF No. 27 at 9-12.) In particular, it is undisputed that Protouch exercised no managerial or supervisory control over Plaintiff or his schedule—core factors

---

[6]Under 29 C.F.R. § 795.110(b)(4), degree of control can be measured by "whether the potential employer sets the worker's schedule, supervises the performance of the work, or explicitly limits the worker's ability to work for others."

[7]The Court further notes core provisions of the staffing Agreement, which state that: "Company and Client agree and acknowledge that Providers are independent contractors and are not working as employees of Company nor Client," and "The Parties' relationship shall be that of independent contractors." (ECF No. 27-2 at 25, 27.)

bearing on a potential employer-employee relationship. Accordingly, the Court grants summary judgment in Defendants' favor on Plaintiff's wage claims.

As to Plaintiff's claim for negligent hiring, training, and supervision, the Court finds that this claim fails for the same reasons as Plaintiff's wage claims. Plaintiff alleges that Defendants breached their "duty to protect" him by "failing to properly hire, train, and/or supervise their employees." (ECF No. 1-1 at 18.) But, here, as demonstrated, Protouch did not hire Plaintiff as an employee; rather, it recruited Plaintiff to provide services pursuant to a staffing arrangement. Thus, absent an employment relationship, Plaintiff's negligence claim is conclusory, as Plaintiff cannot establish that Protouch owed him any employer-based duties. Because the lack of employment relationship necessarily resolves this claim for relief, summary judgment in Defendants' favor is proper.

Plaintiff's breach of contract claim likewise fails for similar reasons. Plaintiff alleges that Protouch breached the parties' agreement "by failing to compensate Plaintiff for all time spent or suffered to work," resulting in "lost wages and interest." (ECF No. 1-1 at 19.) However, as discussed above, the undisputed evidence establishes that no employment relationship existed between the parties. Moreover, Plaintiff fails to identify any specific contractual obligation breached. And, the staffing Agreement, itself, generally contemplates payment only after Protouch receives payment from its client.[8] (ECF No. 27 at 15-16; ECF No. 27-2 at 25.) Accordingly, even viewing the evidence in the light most favorable to Plaintiff, a rational jury could not find that breach of contract occurred, rendering summary judgment proper on this claim.[9]

///

///

---

[8]Under the Agreement, "Client [Essential Associates] agrees to pay all Fees as set forth in the Confirmation Letter," and "Company [Protouch] will pay each Provider on behalf of Client." (ECF No. 27-2 at 25.)

[9]In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

### B. Unjust Enrichment Claim

Defendants next argue that Plaintiff's unjust enrichment claim fails. (ECF No. 27 at 15.) Unlike Plaintiff's other claims, the unjust enrichment claim does not depend upon the existence of an employment relationship. Rather, the relevant inquiry is whether Defendants unjustly retained a benefit at Plaintiff's expense. *See Xing v. USA Good Travel and Tour Inc.*, Case No. 2:20-cv-01593-MMD-BNW, 2024 WL 4564294, at *3 (D. Nev. Oct. 23, 2024) (citing *Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995)) ("Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."). Because there is a material factual dispute as to whether Defendants retained a benefit from Plaintiff's services without providing compensation, the Court finds that summary judgment is not warranted on the unjust enrichment claim.

Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Korte Constr. Co. v. State*, 492 P.3d 540, 543 (Nev. 2021) (citing *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 257 (Nev. 2012)). Here, Plaintiff alleges that Defendants received the benefit of Plaintiff's labor, failed to reimburse him for it, and was therefore enriched at his expense. (ECF No. 1-1 at 19.) In opposition, Plaintiff attempts to support this argument by relying primarily on his deposition testimony asserting that Protouch billed Essential Associates $420 per hour for his radiology services and "unjustly retain[ed]" those payments. (ECF No. 28 at 25-26 (citing ECF No. 28-2 at 66).) But the cited testimony does not establish that Defendants improperly retained any benefit. Rather, it reflects only Plaintiff's acknowledgement of the billing rate Protouch charged Essential Associates. (ECF No. 28-2 at 66.) Standing alone, the testimony is not enough to establish that

Defendants wrongfully retained those funds or was otherwise unjustly enriched at Plaintiff's expense.

Defendants, for their part, contend that Protouch did not retain any benefit because the payments at issue were "tied up in Essential Associates' bankruptcy." (ECF No. 29 at 7.) Defendants further assert that Protouch advanced Plaintiff approximately $35,000 against anticipated payments from Essential Associates, but those future payments "never materialized" after Essential Associates filed for Chapter 7 bankruptcy. (ECF No. 27 at 15; ECF No. 27-1 at 5; ECF No. 27-2 at 37.)

The record remains unclear as to whether Defendants ultimately received payment for Plaintiff's services from Essential Associates, retained any portion of such payments, or instead sustained the loss resulting from Essential Associates' bankruptcy. Accordingly, because of this genuine dispute of material fact, the Court finds Defendants are not entitled to summary judgment on Plaintiff's unjust enrichment claim.

## IV.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion, as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 27) is granted, in part, on all claims except for Plaintiff's unjust enrichment claim.

The Court refers this case to Magistrate Judge to conduct a settlement conference. The proposed joint pretrial order will be due within 30 days from the settlement conference assuming settlement is not effectuated.

DATED THIS 14th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE